IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF
MARYLAND – GREENBELT DIVISION

| | | |
|---|---|---|
| IN RE: JACQUELINE K. PIETERSE | : | Chapter 11 |
| Debtor | : | Case No.: 20-17425 |
| | : | Judge Chavez-Ruark |
| _____ | : | |
| JACQUELINE K. PIETERSE, et. al. | : | Adversary Complaint # _____ |
| Plaintiffs | : | |
| vs. | : | |
| GORDON & SIMMONS, LLC., et. al. | : | |
| Defendants | : | |

# ADVERSARY COMPLAINT

# EXHIBIT A

| Roger C. Simmons+ | LAW OFFICES OF | Ralph Gordon |
|---|---|---|
| Shawn P. Cavenee | **GORDON & SIMMONS, LLC** | (1946 - 1999) |
| Jacob I. Weddle | | |
| | 1050 Key Parkway, Suite 101 | TELEPHONE |
| Christopher F. deBettencourt | Frederick, Maryland 21702 | (301) 662-9122 |
| Charles E. Remus II | | |
| Of Counsel: | E-Mail: scavenee@gordonsimmons.com | FACSIMILE |
| Susan G. Eisner | Website: www.gordonsimmons.com | (301) 698-0392 |

+ADMITTED ALSO IN D.C.

March 1, 2017

Jeffrey M. Cahall
Jacqueline Pieterse
8751 Pete Wiles Road
Middletown, Maryland 218769

*Via Electronic Mail Only*
cahall_titan@hotmail.com
jgoldsmd@comcast.net

*Re*: Legal Representation
*Tyler Donegan Real Estate Svcs., Inc., et al. v. Jeffrey M. Cahall, et al.*
Case No. 10-C-17-000401 CN

Dear Jeff and Jacki:

It was a pleasure meeting you both today. This follows our discussions this afternoon, during which we were brought up to speed on some of the key facts relating to the above-referenced litigation now pending in the Circuit Court for Frederick County. On behalf of my partners Roger Simmons and Jake Weddle, we appreciate the opportunity to discuss how Gordon & Simmons, LLC ("G&S" or the "Firm") may assist you in the pending case against Tyler, Donegan, Duncan Real Estate Services, Inc. and TD Healthmed Realty Partners Robinwood, LLC (collectively, the "Tyler Donegan Parties"). The purpose of this letter is to set out the terms pursuant to which G&S will undertake representation of you and your businesses in this action.

The Firm shall represent your interests as individuals, and the interests of HMRP, Inc. and TD Healthmed Realty Partners – Robinwood, LLC, in defense of the claims asserted in the above-referenced civil litigation now pending in Frederick County. As we discussed, in addition to responding to the Complaint filed against you, the Firm shall prepare a Counterclaim for filing against the Tyler Donegan Parties, and potentially Chad Tyler, individually, as appropriate.

The scope of work outlined here shall be performed by G&S on an hourly fee basis. Jake Weddle and I shall be the attorneys overseeing completion of this scope of work on behalf of G&S. My hourly rate for this engagement shall be $300 per hour, and Jake Weddle's hourly rate shall be $275. The Firm reserves the right to assign other attorneys to this project to ensure that the scope of work is completed timely and as efficiently as practicable, and the hourly rates for these attorneys are as follows: for the Firm's managing partner, Roger Simmons, $400; Susan G. Eisner, $275; and Charles E. Remus III and Christopher deBettencourt, $225. Any time expended by

Jeffrey M. Cahall
Jacqueline Pieterse
March 1, 2017
Page 2

paralegals shall be billed at $125 per hour, and document clerks will be billed at $75 per hour. These rates are subject to change annually upon written notice to you.

Professional time expended on this matter shall be billed in minimum tenth of an hour (0.1) increments. For example, if an attorney or paralegal with G&S spends 15 minutes consulting with you on the telephone regarding facts relating to your business relationship with Chad Tyler, you shall be billed for 0.3 hours of time for that telephone call. Total time expended on your behalf shall be collected and invoiced monthly. You shall be billed for the time actually expended to complete the scope of work on your behalf, and payment in full is expected.

In addition to the Firm's hourly fees, you agree to pay all costs and expenses which G&S incurs in connection with this representation, including, but not limited to, filing fees, courier fees, postage, overnight delivery costs, conference call fees, among other out-of-pocket expenses. In addition, the Firm shall bill you to be reimbursed for our utilization of online legal research through Lexis-Nexis, as well as for copies (we currently charge at the rate of $.15 per page).

You shall be billed monthly for fees and costs incurred in this matter, and the Firm asks that its bills be paid within 20 days of receipt. For first-time clients, the Firm typically requires a retainer to defray the costs of its initial billing. Here, G&S shall require a retainer in the amount of $10,000 (ten thousand dollars) prior to undertaking representation in this matter.

Upon receipt, your retainer fee shall be deposited in the Firm's client escrow account. When monthly invoices for the Firm's work are issued, we shall apply your retainer to the amounts then due and owing, requesting payment from you for any amounts in excess of the retainer funds then held in escrow. Once the retainer is exhausted, we shall expect payment of our invoices in full within 20 days. During the course of its representation of you, G&S may, in its sole discretion, require that, in addition to paying the balance of any invoice in full, you replenish the retainer. If the Firm completes the scope of work outlined here without exhausting the retainer funds it holds on your behalf, the unused portion shall be returned to you.

Beyond your obligation to pay our fees timely, the following terms apply to our representation:

1. You agree to speak only to G&S attorneys about the Firm's advice and recommendations. This condition is to your benefit to ensure that your communications with the Firm remain privileged. Moreover, the Firm encourages you to refrain from participating in social media (Facebook, Twitter, Tumblr, Flickr, Instagram, etc.) during the course of our representation in this matter. Information found on social media sites is not private, can be discoverable, and may be potentially damaging to your interests. Information shared with others, whether verbally; in writing via E-mail, text message or letter; or even posted online; can lead to the loss of the

Jeffrey M. Cahall
Jacqueline Pieterse
March 1, 2017
Page 3

attorney-client privilege if that information relates in any way to the legal matters the Firm is handling on your behalf.

2. You agree to assist G&S with any fact research necessary to complete the scope of work, providing information and documents as necessary to support the Firm's efforts, and to cooperate in identifying essential information.

3. G&S will be guided by your goals and objectives in completing the scope of work, but retains the discretion to determine how best to meet your stated objectives.

4. This agreement represents the entire understanding of the parties with respect to the subject matter addressed herein. Any modification of this agreement must be in writing and executed by the parties hereto.

5. Should G&S be terminated for any reason, the Firm shall have, and be entitled to exercise, such rights as it has or may have at common law to collect any unpaid fees and costs due.

6. For purposes of construction of this agreement, neither party shall be deemed to be the drafter, but instead the document shall be construed as a freely negotiated instrument jointly and collectively drafted by all parties.

7. In the event that G&S must bring any collection action including, but not limited to, an action to establish an attorney's lien, to protect its ability to collect any outstanding fee owed to the Firm, G&S shall be entitled to collect the reasonable attorney's fees and costs expended to collect its unpaid fees and costs.

8. In any dispute over the payment of the Firm's fees, or G&S's representation of you in this matter, you agree to submit to the personal jurisdiction of the Maryland state courts and further agree that the jurisdiction and venue for any such dispute shall be proper in Frederick County, Maryland.

9. The terms of this retainer agreement, if not accepted prior, are valid for 15 days from the date of this letter, at which time the offer to represent you in this matter shall be deemed withdrawn. Thereafter, should you desire for the Firm to represent you, a new retainer agreement must be prepared and agreed to by you and the Firm.

10. The Firm's work shall involve representation of two or more individuals or entities with potentially differing/competing interests. In any multi-party representation there is always the possibility for a conflict to arise between one or more of the parties. At this time, the Firm believes that each of your interests are aligned and there is no material difference in your respective positions, but should things change and should a conflict develop, you understand and

Jeffrey M. Cahall
Jacqueline Pieterse
March 1, 2017
Page 4

agree that the Firm shall not represent either of you, or your entities, and shall promptly seek to withdraw from representation. By signing below, you acknowledge that you understand the potential for conflict of interest and waive any claim that a conflict now exists between one or more of the parties to this retainer agreement.

11.     If you are executing this agreement on behalf of a business, whether a corporation, limited liability company, partnership or other entity, you represent and warrant that you have the requisite authority to execute this contract on behalf of that business and, further, that said business shall be bound by this agreement.

Please review these terms and feel free to contact me with any questions or concerns. Otherwise, I ask that you sign in the spaces provided below to indicate your agreement to G&S's representation of you consistent with the terms outlined above, and forward me a signed copy of this agreement, along with payment in the amount of $10,000 to Gordon & Simmons, LLC. If it is more convenient to transmit the retainer to the Firm via electronic transfer, please advise and we shall forward wiring instructions to you separately.

We appreciate the opportunity to work with you on this matter. Thank you for your interest in retaining Gordon & Simmons.

Sincerely,

/s/

Shawn P. Cavenee
For Gordon & Simmons, LLC

AGREED TO:

/s/ _____ (SEAL)
Jeffrey M. Cahall

HMRP, INC.

/s/ _____ (SEAL)
By:

/s/ _____ (SEAL)
Jacqueline Pieterse

TD HEALTHMED REALTY PARTNERS -- ROBINWOOD, LLC

/s/ _____ (SEAL)
By:

Dated: March ___, 2017